UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDERSON, | No. 2:14-cv-0011 CKD P |
| Plaintiff, | |
| v. | ORDER |
| McINTRY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983[1] and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

---

[1] On January 2, 2014, plaintiff commenced this action by filing a complaint. Three weeks later, he submitted a "first amended complaint." Assuming that plaintiff wishes the later-filed complaint to supersede the original, the court disregards the original complaint and proceeds to screen the amended complaint filed January 24, 2014.

1

month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

Plaintiff alleges that, in a December 2013 incident, correctional officer McIntry used racist and derisive language toward him. Correctional officer Hollingsworth did not intervene, and gun tower officer Swart did not let plaintiff speak with the floor officer about it. In the following weeks, McIntry continued to "harass" plaintiff. After plaintiff filed an administrative appeal about this conduct, McIntry used threatening language about his use of the appeal process. Plaintiff alleges that defendants violated his civil rights by "calling him racist names and "utilizing unethical and unprofessional conduct." (ECF No. 6.)

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

However, an inmate may state a cognizable First Amendment claim based on retaliation for protected conduct, such as filing administrative grievances. To prevail on a First Amendment retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). "The mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009). The threat need not be explicit or specific. Id. Rather the question for the court is whether a reasonable factfinder could interpret the statements as "'intimating that some form of punishment or adverse regulatory action would follow.'" See id. (quoting Okwedy v. Molinari, 333 F.3d 339, 343 (2d Cir.2003)).

As it fails to state a cognizable claim, the complaint will be dismissed. However, plaintiff will be granted one opportunity to amend the complaint to state a claim. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

1  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
2  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
3  civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
4  1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain
5  statement" of his claim and any related claims against the appropriate defendants.

6       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
7  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This is because, as a
9  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
10  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
12  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13       Plaintiff has requested the appointment of counsel.  The United States Supreme Court has
14  ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983
15  cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional
16  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
17  1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900
18  F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required
19  exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be
20  denied.

21       In accordance with the above, IT IS HEREBY ORDERED that:
22       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.
23       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
24  shall be collected and paid in accordance with this court's order to the Director of the California
25  Department of Corrections and Rehabilitation filed concurrently herewith.
26       3. Plaintiff's complaint is dismissed.
27       4. Plaintiff is granted thirty days from the date of service of this order to file an amended
28  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    5.  Plaintiff's motion to appoint counsel (ECF No. 5) is denied without prejudice to renewal at a later stage of the proceedings.

Dated:  March 14, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ande0011.14.new