1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR ANDERSON, | No. 2:14-cv-0011 CKD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| McINTRNY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint was dismissed for failure to state a claim, and plaintiff was granted leave to amend. (ECF No. 13.) Before the court is plaintiff's Second Amended Complaint ("SAC"), filed April 4, 2014.[1] (ECF No. 16.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

---

[1] As the first complaint screened in this action was the First Amended Complaint (see ECF No. 13, n.1), the SAC reflects only the first round of amendment.

1

Here, the court finds that the SAC fails to cure the defects of the previous complaint. Plaintiff alleges that defendant McIntry[2] called him a racist name and told him that if he filed a 602 inmate appeal, it would "go nowhere." Some unspecified time later, plaintiff filled out a 602 appeal against McIntry and gave it to non-defendant Correctional Officer Handshoemaker for pick-up. Because he never received a notice it had been submitted, plaintiff assumed that the appeal was thrown away. He alleges that McIntry and Handshoemaker work together. Plaintiff filed a second 602 appeal about McIntry and was subsequently interviewed about it.

On these bare allegations, plaintiff fails to state a cognizable claim. (See ECF No. 13 at 3 (legal standard for retaliation claim pursuant to § 1983).) To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743–744 (9th. Cir. 1978). There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978).

However, the court will grant plaintiff one final opportunity to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

---

[2] Spelled "McIntrny" in the original complaint and in the caption of this action.

1  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The Second Amended Complaint (ECF No. 16) is dismissed;

2. Plaintiff is granted thirty days from the date of this order to file a Third Amended Complaint. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

Dated: April 24, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ande0011.sac