UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDERSON, | No. 2:14-cv-0011 LKK CKD P |
| Plaintiff, | |
| v. | ORDER |
| McINTRNY, et al., | |
| Defendants. | |

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On June 4, 2014, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court declines to adopt the findings and recommendations.

     The magistrate judge recommends dismissal of this action for failure to state a claim upon which relief may be granted.  Plaintiff filed his original complaint on January 2, 2014 (ECF No.

1) and a first amended complaint as of right on January 24, 2014 (ECF No. 6).  The magistrate judge dismissed plaintiff's first amended complaint with leave to amend and subsequently dismissed plaintiff's second amended complaint with leave to amend.  Orders filed March 14, 2014 (ECF No. 13) and April 24, 2014 (ECF No. 17).  On May 27, 2014, plaintiff filed a motion for leave to file a third amended complaint.  In the findings and recommendations the magistrate judge finds that plaintiff has not filed a stand-alone third amended complaint, that he would be required to file a fourth amended complaint to make the operative pleading complete unto itself as required by Local Rule 220, and that such amendment would be futile because the allegations in the attachment to the motion to amend did not state a cognizable claim.  Findings and Recommendations (ECF No. 19) at 2.  Finally, the magistrate judge finds that another round of amendment would be futile and that this action should be dismissed.

In order to adopt this recommendation, the court must review all prior decisions of the magistrate judge dismissing plaintiff's prior complaints with leave to amend.  See McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  Upon completion of said review, the court finds that the first amended complaint states a cognizable claim for relief against defendant McIntrny for retaliation.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 4, 2014, are not adopted; and

2. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

DATED:  August 28, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears from the magistrate judge's screening order dismissing the first amended complaint that the magistrate judge recognized the possibility that plaintiff was attempting to raise a retaliation claim, as the order sets forth the standards applicable to such a claim.  See Order filed March 14, 2014, at 3-4.  The order does not explain why the magistrate judge did not find a cognizable retaliation claim in the first amended complaint.  Plaintiff does not specifically identify retaliation as the basis for his first or second cause of action.  However, the notice pleadings of Fed. R. Civ. P. 8 do not require identification of the constitutional basis for the claim in order to state a cognizable claim for relief.  See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008).  The factual allegations of the first amended complaint are sufficient to state a claim for relief based on alleged retaliation.

2