UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDERSON, | No. 2:14-cv-0011 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| McINTRNY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On March 14, 2014, the undersigned granted plaintiff's request to proceed in forma pauperis. (ECF No. 13.) On October 20, 2014, the undersigned ordered that the First Amended Complaint be served on defendant McIntrny. (ECF No. 30.)

Before the court is defendant's January 26, 2015 motion to revoke plaintiff's in forma pauperis status on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g). (ECF No. 35.) Plaintiff has not filed an opposition. For the reasons set forth below, the court will deny the motion.

I. Motion to Revoke IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit

1

indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ

2

of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendant contends that plaintiff's litigation history shows that he has three prior strikes. Per defendant's request, the undersigned takes judicial notice of the following cases[1]:

A. Anderson v. Woodford, No. 2:04-cv-06803 (C.D. Cal.). On September 2, 2004, the court denied plaintiff's application to file this action without prepayment of the filing fee. (Def. Ex. A, ECF No. 35-2.) The reason was that the complaint violated Rule 8 of the Federal Rules of Civil Procedure, as it "purports to name dozens of defendants while giving little or no indication of how the defendants allegedly are responsible for the events of which Plaintiff[] complains." (Id.) The court noted that a complaint that does not comply with Rule 8 is subject to dismissal, and that there appeared to be an adequate state remedy for the property loss alleged in the complaint. (Id.) Less than a month after this order, plaintiff's motions for extension of time and appointment of counsel were "rejected," and it was noted on the docket that the case was closed on September 2, 2004. (Id.)

In Knapp v. Horgan, 738 F.3d 1106 (9th Cir. 2013), the Ninth Circuit clarified the circumstances under which a prior dismissal may be deemed a strike under § 1915(g). Specifically, the Ninth Circuit "addressed the question of whether and when a dismissal for violation of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement could constitute a strike under § 1915(g)." Bontemps v. Sotak, No. 2:09-cv-2115 MCE EFB P, 2015 WL 812360, *3 (E.D. Cal. Feb. 25, 2015), citing Knapp, 738 F.3d 1106. The Ninth Circuit concluded that a

> Rule 8(a) dismissal is neither categorically included nor excluded from counting as a § 1915(g) 'strike.' Rather, each dismissal under Rule 8(a) must be assessed independently: did the dismissal 'result from the court's appraisal of the merits of the case (i.e., was it 'frivolous' or did it 'fail to state a claim'), or did the dismissal

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

> result from an appraisal of the prisoner's state of mind (i.e., 'malicious')?

Knapp, 739 F.3d at 1109-10.  Knapp further held that when a complaint violates the 'short and plain statement' requirement of Rule 8(a), plaintiff fails to correct the violation, and dismissal ensues, that dismissal counts as a strike.  738 F.3d at 1110.

Here, the underlying reason for the Rule 8 dismissal was that plaintiff's complaint failed to state a claim.  However, Knapp emphasized that "dismissals following the *repeated* violation of Rule 8(a)'s . . . requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)."  738 F.3d at 1110 (emphasis in original).  In this case, plaintiff was not given leave to amend or any opportunity to correct the deficiencies of his complaint.  Thus defendant has not met his burden to show that the dismissal of this action qualifies as a strike.

B.  Anderson v. California Department of Corrections, No. 2:04-cv-06816 (C.D. Cal.).  On September 2, 2004, the court denied plaintiff's application to file this action without prepayment of the filing fee.  (Def. Ex. B, ECF No. 35-2.)  The court gave the same reasons for denial as in plaintiff's earlier action, and further stated that "[t]he proposed complaint is duplicative of the proposed complaint in action No. 04-06803.  Even if the proposed complaint stated a claim on which relief could be granted (which it does not), the Court would deny in forma pauperis status . . . because the maintenance of a duplicative action would serve no legitimate purpose."  (Id.)  The case was closed that day.  (Id.)

Some courts in this district have held that actions dismissed as duplicative are frivolous and thus count as strikes under § 1915(g).  See, e.g., Turner v. Gibson, No. 1:13-cv-1612 LJO GSA PC, 2013 WL 5587391, *1 (E.D. Cal. Oct. 10, 2013), citing Cato v. U.S., 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  This action was filed so close in time to the previous action that the duplicative filing may have been an error.[2]  See Chappell v. Pliler, No. S-04-1183 LKK DAD P, 2006 WL 3780914, *3 (E.D. Cal. Dec. 21, 2006) ("A pleading filed in error and dismissed as

---

[2] The dockets of Case Nos. 2:04-cv-06803 and 2:04-06816 indicate that these actions were commenced on July 19, 2004 and July 16, 2004, respectively.  Both were subsequently transferred to the Central District of California and assigned new case numbers.

4

duplicative cannot be counted as a strike."). However, in the absence of any explanation by plaintiff why he filed two identical complaints, and in light of the court's conclusion that the duplicative complaint "serve[d] no legitimate purpose," the undersigned determines this dismissal for frivolousness to be a strike.

C. Anderson v. Warden, et al., No. 2:12-cv-05738 (C.D. Cal.). On June 26, 2012, the court denied plaintiff's application to file this action without prepayment of the filing fee. (Def. Ex. C, ECF No. 35-2.) Among other stated reasons, the complaint "fails to allege a cognizable federal claim." As a result, the case was closed. (Id.) This dismissal for failure to state a claim constitutes a strike.

In sum, because defendant has shown plaintiff to have only two prior strikes, the court will deny the motion to revoke plaintiff's IFP status.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to revoke plaintiff's IFP status (ECF No. 35) is denied.

Dated: March 13, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ande011.threestrikes.doc