UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDRESON, | No. 2:14-cv-0011 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| McINTRNY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the First Amended Complaint (ECF No. 6), which was found to state a First Amendment retaliation claim against defendant McIntrny (ECF No. 22).

Before the court is defendant's April 10, 2015 motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. (ECF No. 47.) Plaintiff has not opposed the motion.

I. Rule 12(b)(6) Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

1

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

II. Exhaustion Requirement

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th

Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

III. Analysis

In the FAC, plaintiff alleges that defendant harassed him and used racist language towards him. On January 12, 2015, plaintiff filed a 602 inmate appeal and gave it to a non-defendant correctional officer. Later that day, defendant told plaintiff that plaintiff, who was 74 years old, would be dead before the court did anything to defendant. He also said that if plaintiff wrote another inmate appeal, "it [won't] go nowhere, I'll see to that, me and the other guys." (ECF No. 6 at 6-7.)

On the complaint form provided by the court, plaintiff checked boxes indicating that there was a grievance procedure available at his institution; that he had filed a grievance concerning the facts relating to this complaint; and that the grievance process was not completed. (Id. at 2.) Plaintiff provided no explanation why he did not pursue the grievance through all levels of administrative review, or whether he attempted to do so. Defendant argues that plaintiff has "effectively conceded, under penalty of perjury, that he did not exhaust administrative remedies." (ECF No. 47-1 at 5.)

Nor does plaintiff oppose the instant motion. Rather, he seeks to supplement or amend the FAC to allege ongoing racial harassment by prison staff. (ECF Nos. 54, 55.) These recent filings do not address the exhaustion issue.

Based on the foregoing, the court will grant defendant's motion, but give plaintiff one final opportunity to file an amended complaint that complies with the exhaustion requirement or explains why exhaustion was "effectively unavailable." A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 47) is granted;

2. The First Amended Complaint (ECF No. 6) is dismissed with leave to amend;

   3.  Plaintiff's motion for leave to file supplemental complaint (ECF No. 54) is denied as moot; and

   4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 19, 2015

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ande0011.mtd_ex